******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

OFFICE OF CHIEF DISCIPLINARY COUNSEL
*v.* JOSEPHINE SMALLS MILLER
(SC 20390)

Robinson, C. J., and Palmer, McDonald,
Kahn and Vertefeuille, Js.

*Syllabus*

The plaintiff, the Office of Chief Disciplinary Counsel, filed a presentment
alleging numerous incidents of misconduct by the defendant attorney,
including violations of certain provisions of the Rules of Professional
Conduct. The defendant raised two affirmative defenses, claiming that
the recommendations of the chief disciplinary counsel and the decisions
of the Statewide Grievance Committee concerning her alleged miscon-
duct violated her constitutional rights because they were based on
racially discriminatory and retaliatory reasons. The trial court rendered
judgment suspending the defendant from the practice of law for one
year, from which the defendant appealed**.** On appeal, the defendant
claimed that the trial court's denial of her motion for articulation and
the Appellate Court's refusal to order an articulation violated her due
process rights, and that the trial court incorrectly concluded that she
engaged in misconduct sufficient to warrant discipline and that her
claims of racial discrimination and retaliation were not properly raised
in the presentment hearing. *Held*:
1. The defendant's due process rights were not violated as a result of the
   trial court's denial of her motion for articulation or the Appellate Court's
   refusal to order an articulation; the trial court's memorandum of decision
   comprehensively set forth the factual and legal bases for the court's
   conclusions, and there was no ambiguity or deficiency in the memoran-
   dum of decision that would require articulation or prevent this court
   from reviewing the defendant's claims on appeal.
2. This court concluded, on the basis of its examination of the record
   and briefs, and its consideration of the parties' arguments, that the
   defendant's remaining claims, namely, that the trial court incorrectly
   concluded that she engaged in misconduct and that her claims of racial
   discrimination and retaliation were not properly raised in the present-
   ment hearing, were resolved properly in the trial court's thorough and
   well reasoned memorandum of decision, which this court adopted as
   a proper statement of the applicable law concerning those issues.

Argued January 23—officially released April 27, 2020*

*Procedural History*

Presentment by the plaintiff for alleged professional
misconduct of the defendant, brought to the Superior
Court in the judicial district of Danbury and tried to the
court, *Shaban, J.*; judgment suspending the defendant
from the practice of law for one year, from which the
defendant appealed. *Affirmed.*

*Josephine Smalls Miller*, self-represented, the appel-
lant (defendant).

*Brian B. Staines*, chief disciplinary counsel, for the
appellee (plaintiff).

*Opinion*

PER CURIAM. In connection with the presentment filed by the plaintiff, the Office of Chief Disciplinary Counsel, alleging misconduct by the defendant attorney, Josephine Smalls Miller, the defendant appeals from the judgment of the trial court suspending her from the practice of law for one year for violating numerous provisions in the Rules of Professional Conduct. Following the trial court's judgment, the defendant filed a motion for articulation, which the trial court denied. The defendant filed a motion for review with the Appellate Court, which was granted, but that court denied any relief. On appeal, the defendant claims that (1) the trial court's refusal to articulate and the Appellate Court's refusal to order an articulation violate her due process rights, (2) the trial court incorrectly concluded that she engaged in misconduct sufficient to warrant any discipline, including suspension from the practice of law, and (3) the trial court incorrectly concluded that her claims of racial discrimination and retaliation were not properly raised in the presentment hearing.

The trial court's memorandum of decision sets forth a comprehensive recitation of the facts, which we summarize in relevant part. In March, 2018, the plaintiff filed a four count amended presentment against the defendant, alleging numerous incidents of misconduct. Count one alleged that the defendant violated rules 1.15 (a) (5) and (c) and 8.1 (2) of the Rules of Professional Conduct by depositing personal funds into her IOLTA[1] account and, thereafter, failing to timely or completely respond to the disciplinary counsel's lawful demand for information regarding the account. Count two alleged that the defendant violated rules 1.3, 3.2, and 8.4 (4) of the Rules of Professional Conduct by failing to appear for scheduled court matters on multiple occasions, which resulted in the dismissal of her clients' actions and claims. Count three alleged that the defendant violated rule 1.4 (a) (1), (2), (3), (4) and (5) and (b) of the Rules of Professional Conduct by failing to adequately communicate to her client certain limitations on her ability to represent the client before the Appellate Court given that the defendant was suspended from the practice of law before the Appellate Court at that time. Finally, count four alleged that the defendant violated rule 5.5 of the Rules of Professional Conduct when she engaged in the unauthorized practice of law by providing legal advice and drafting legal documents for a client relative to an Appellate Court matter while the defendant was suspended from practicing before that court. In her answer, the defendant raised two affirmative defenses, claiming that the recommendations of the chief disciplinary counsel and the decisions of the Statewide Grievance Committee were based on racially discriminatory and retaliatory reasons, both in violation of her constitutional rights.

Following a three day hearing, the trial court issued a comprehensive memorandum of decision. The court granted the defendant's motion to dismiss count three insofar as it alleged violations of rule 1.4 (a) (1), (2), (3) and (4) of the Rules of Professional Conduct because the plaintiff conceded that it had not proven by clear and convincing evidence that the defendant violated those subdivisions. The court denied the defendant's motion as to the remaining allegations in count three and rendered judgment in favor of the plaintiff, finding by clear and convincing evidence that the defendant had violated the Rules of Professional Conduct as set forth in counts one through four and suspending the defendant from the practice of law for a total effective period of one year.[2] The court concluded that the defendant had failed to meet her burden of proof as to her special defenses, which, as alleged, were legally insufficient because they merely recited legal conclusions. The court also noted that the special defenses constituted an independent cause of action. The defendant appealed from the judgment of the trial court to the Appellate Court, and the appeal was transferred to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The defendant's first claim on appeal arises out of the trial court's denial of her motion for articulation. Specifically, the defendant sought an articulation on twenty-seven "points," or issues, that she claimed were not fully addressed in the trial court's memorandum of decision. After the trial court denied the motion, the defendant filed a motion for review of the trial court's denial with the Appellate Court. As already noted, the Appellate Court granted review but denied the requested relief. On appeal, the defendant argues that the trial court's denial of her motion violated her due process rights because she is left without the means to provide a full and complete record for this court to review. Neither party addresses the appropriate standard of review for this claim. Even reviewing the claim de novo, however, we are not persuaded that the defendant's due process rights were violated.

It is well settled that it "is the responsibility of the appellant to provide an adequate record for review." Practice Book § 61-10 (a). "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties." (Internal quotation marks omitted.) *State* v. *Donald*, 325 Conn. 346, 353–54, 157 A.3d 1134 (2017). To ensure an adequate record, the appellant may move for articulation pursuant to Practice Book § 66-5.

On the basis of our review of the record and the briefs, and our consideration of the arguments of the parties, we conclude that the trial court's memorandum

of decision comprehensively sets forth the factual and legal bases for its conclusions. There was no ambiguity or deficiency in the memorandum of decision that would require the trial court's articulation or prevent our review of the defendant's claims on appeal. See *In re Nevaeh W.*, 317 Conn. 723, 734, 120 A.3d 1177 (2015) ("[a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification" (internal quotation marks omitted)).

Moreover, the defendant's due process argument is unpersuasive given that, to the extent that there is ambiguity in a trial court's memorandum of decision, an appellate court may order articulation to ensure an adequate record for review. Practice Book § 61-10 (b) provides in relevant part: "If the court determines that articulation of the trial court decision is appropriate, it may, pursuant to Section 60-5, order articulation by the trial court within a specified time period. . . ." See also *In re Nevaeh W.*, supra, 317 Conn. 738. In the interest of judicial economy and the proper presentation of the issues on appeal, this court has repeatedly ordered the trial court to articulate either the factual or legal basis for its decision, and this court has relied on those articulations to resolve the issues on appeal. See id. (citing cases). Thus, even when the trial court refuses to articulate, this court is still empowered to order an articulation if we determine it is necessary to perfect the record for our review. As such, the denial of the defendant's motions for articulation and review does not constitute a violation of her due process rights.

With respect to the defendant's remaining claims—that the trial court incorrectly concluded both that she engaged in misconduct and that her claims of racial discrimination and retaliation were not properly raised in the presentment hearing—on the basis of our examination of the record and the briefs, and our consideration of the arguments of the parties, we are persuaded that the judgment of the trial court should be affirmed. The issues were resolved properly in the trial court's thorough and well reasoned memorandum of decision. See *Office of Chief Disciplinary Counsel* v. *Miller*, Superior Court, judicial district of Danbury, Docket No. CV-17-6022075-S (November 26, 2018) (reprinted at 335 Conn.    ,    A.3d    (2020)). Because that memorandum of decision fully addresses the second and third issues raised by the defendant in this appeal, we adopt it as a proper statement of the applicable law concerning those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *In re Application of Eberhart*, 267 Conn. 667, 668, 841 A.2d 217 (2004).

The judgment is affirmed.

* April 27, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] "IOLTA stands for 'interest on lawyers' trust accounts.' " *Disciplinary*

*Counsel* v. *Hickey*, 328 Conn. 688, 692 n.2, 182 A.3d 1180 (2018).

[2] Specifically, the court ordered the following suspensions to run concurrently: thirty days as to count one, six months as to count two, one year as to count three, and one year as to count four.